```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAY B. BRODSKY,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       17-CV-6031(JS)(AYS)

FIRST AMERICAN TITLE INSURANCE
COMPANY OF NEW YORK,

                Defendant.
----------------------------------X
JAY BRODSKY,

                Plaintiff,

        -against-                       17-CV-6032(JS)(AYS)

ROCHELL CARROLL BRODSKY,

                Defendant.
----------------------------------X
JAY BRODSKY,

                Plaintiff,

        -against-                       17-CV-6033(JS)(AYS)

LIBERTY MUTUAL INSURANCE COMPANY,

                Defendant.
----------------------------------X
JAY BRODSKY,

                Plaintiff,

        -against-                       17-CV-6555(JS)(AYS)

NEW YORK STATE DEPARTMENT OF
HOUSING PRESERVATION AND
DEVELOPMENT,

                Defendant.
----------------------------------X
```

```
----------------------------------X
JAY BRODSKY,

                Plaintiff,

      -against-                      17-CV-6556(JS)(AYS)

NEW YORK STATE DEPARTMENT OF
FINANCE,

                Defendant.
----------------------------------X
JAY BRODSKY,

                Plaintiff,

      -against-                      17-CV-7085(JS)(AYS)

FAMILY COURT, NASSAU COUNTY,
NEW YORK, STATE OF NEW YORK,
NASSAU COUNTY, and
ROCHELLE CARROLL BRODSKY,

                Defendants.
----------------------------------X
```

APPEARANCES
For Plaintiff:          Jay B. Brodsky, pro se
                        240 East Shore Road
                        Apt. 444
                        Great Neck, NY 11023

For Defendants:         No appearances.

SEYBERT, District Judge:

On October 16, 2017, pro se plaintiff Jay B. Brodsky ("Plaintiff") filed: (1) a 46-page Complaint, with an additional 209 pages of exhibits, against First American Title Insurance Company of New York ("First American") together with an application to proceed in forma pauperis (Docket No. 17-CV-6031 ("Brodsky I")); (2) a 35-page Complaint, with an additional 124 pages of exhibits, against his ex-wife, Rochelle Carroll Brodsky ("R. Brodsky"),

2

together with an application to proceed in forma pauperis (Docket No. 17-CV-6032 ("Brodsky II")); and (3) a 37-page Complaint, with an additional 204 pages of exhibits, against Liberty Mutual Insurance Company ("Liberty") together with an application to proceed in forma pauperis (Docket No. 17-CV-6033 ("Brodsky III")).

On November 9, 2017, Plaintiff filed two more in forma pauperis Complaints: (1) a 47-page Complaint, with an additional 229 pages of exhibits, against the New York Department of Housing Preservation and Development ("NYDOHPD") (Docket No. 17-CV-6555 ("Brodsky IV")); and (2) a 37-page Complaint with an additional 221 pages of exhibits, against the New York Department of Finance ("NYDOF") (Docket No. 17-CV-6556 ("Brodsky V")).

On December 4, 2017, Plaintiff filed another voluminous in forma pauperis Complaint. The December 4th Complaint is 93-pages with an additional 338 pages of exhibits, against R. Brodsky as well as New York State ("NYS"), the Family Court of Nassau County, New York ("Family Court"), and Nassau County ("Nassau") (Docket No. 17-CV-7085 ("Brodsky VI")).

Upon review of the declarations in support of the applications to proceed in forma pauperis filed together with the Second Complaint, the Court finds that Plaintiff is qualified to commence these actions without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED. In addition, the Court CONSOLIDATES

Plaintiff's Complaints under the first-filed Complaint, 17-CV-6031, and DIRECTS that the cases assigned docket numbers 17-CV-6032, 17-CV-6033, 17-CV-6555, 17-CV-6556, and 17-CV-7085 be CLOSED. All future filings shall be made only under docket number 17-CV-6031. However, for the reasons that follow, Plaintiff's claims are <u>sua sponte</u> DISMISSED for the reasons that follow.

THE COMPLAINTS[1]

As noted above, Plaintiff's Complaints are voluminous. In total, since October 16, 2017, Plaintiff has filed approximately 1600 pages with the Court. As the Court can best discern from Plaintiff's submissions, he largely seeks to challenge prior state court litigation arising from: (1) the distribution of certain real property from his father's estate,[2] and (2) his 1990 divorce from R. Brodsky and his child support obligations. The gravamen of Plaintiff's claims regarding his father's estate is that because "inscriptions by Bob Brodsky are <u>subiectio</u>, fake, counterfeit or fraudulent" criminal charges should be brought against the

---

[1] The following facts are taken from Plaintiff's Complaints and are presumed to be true for the purposes of this Memorandum and Order. Excerpts from the Second Complaint as reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

[2] Plaintiff alleges that following his father's January 13, 2013 death, Plaintiff commenced an action "at the Queens County Courthouse, Jamaica, New York, Surrogate's Division" wherein he "discovered that "<u>Innumerable Irregularities</u> had been perpetrated." (<u>See</u> Compl. 17-CV-6031 at ECF p. 9.) Plaintiff also alleges that the Surrogate's Court case was settled in 2016. (<u>Id.</u>)

Defendants and Plaintiff is entitled to recover approximately $32 million. (See Complaints, generally, in Brodsky I, III, IV, and V.)

Plaintiff's claims relating to his divorce proceeding (under Index No. 17944/86) are far from clear. It appears Plaintiff seeks to impose liability on his ex-wife for "negligent infliction of emotional distress" because she allegedly exacerbated his medical condition, rheumatoid arthritis, by causing him unnecessary stress during such proceedings. (See Complaints, generally, in Brodsky II and Brodsky VI.)

Plaintiff's lengthy and repetitive Complaints (exclusive of exhibits) are riddled with Latin phrases (for example, "Ubicunque Est Injuria, Ibi Damnum Sequitur", "Void Ab Initio", "Acta Exteriora Indicant Interiora Secreta", "Nunc Pro Tunc", "In Propria Causa Nemo Judex", "Bonafide et Fidelis"), excerpts from the Restatement (Second) of Torts, Web MD, and Psychology Today Magazine, citations to federal and state cases, statutory law and the New York State and Federal Constitutions. And, Plaintiff seeks to solely press felony criminal charges against Defendants in Brodsky I, III, IV, V.[3]

---

[3] Plaintiff purports to press felony charges under state law for Grand Larceny in the First Degree, Forgery in the First Degree, Identity Theft in the First Degree and Scheme to Defraud in the First Degree, as well as federal felony charges pursuant to 18 U.S.C. § 37 (Violence at International Airports), 18 U.S.C. § 1028 (Fraud and Related Activity in Connection with Identification Documents, Authentication Features, and

5

DISCUSSION

I. In Forma Pauperis Applications

Upon review of Plaintiff's declarations in support of his applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence these actions without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED.

II. Consolidation

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (internal citations omitted).

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are

---

Information), and 26 U.S.C. § 7206 (Fraud and False Statements).

6

competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Jacobs, 950 F.2d at 92; First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, the Complaints filed by Plaintiff, although difficult to comprehend, appear to allege challenge underlying state court litigation and the facts involved in several of the Complaints are the same. Accordingly, in the sound exercise of its discretion, the Court orders that Plaintiff's Complaints be CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 17-CV-6031. The Clerk of Court is DIRECTED to: (1) consolidate these actions; and (2) mark the Complaints assigned docket numbers 17-CV-6032, 17-6033, 17-CV-6555, 17-CV-6556, and 17-CV-7085 CLOSED. Any future filings are to be docketed in only 17-CV-6031.

III. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to

dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

IV. Rule 8 of the Federal Rules of Civil Procedure

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). This short and plain statement must be "sufficient to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." Jones v. Nat'l Commc'ns. and Surveillance Networks, 266 F. App'x 31, 32 (2d Cir. Feb. 21, 2008) (internal citations and quotation marks omitted) (unpublished opinion). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). "The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Id. (internal quotation marks and citation omitted)).

Under the now well-established Iqbal/Twombly standard, a complaint satisfies Rule 8 only if it contains enough allegations of fact to state a claim for relief that is "plausible on its face." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678. This

9

"plausibility standard" is governed by "[t]wo working principles." Iqbal, 556 U.S. at 670, 678; accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 (a pleading that offers "labels and conclusion" or "naked assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8). Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

Rule 8 of the Federal Rules of Civil Procedure also requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Indeed, pleadings must give "'fair notice of what the plaintiff's claim is and the grounds upon which it rests'" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 1643, 161 L. Ed. 2d 577 (2005) (quoting Conley v. Gibson, 335 U.S. 41, 47 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), overruled in part on

other grounds by Twombly, 550 U.S. at 544)).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." Salahuddin, 861 F.2d at 42; see also Shomo v. State of New York, 374 F. App'x 180, 182 (2d Cir. Apr. 22, 2010) (unpublished opinion)("a court has the power to dismiss a complaint that is 'prolix' or has a 'surfeit of detail' "); Gonzalez v. Wing, 113 F.3d 1229, *1 (2d Cir. 1997) (unpublished opinion) (affirming dismissal of pro se plaintiffs' 287-page "incredibly dense and verbose" complaint); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (per curium) (affirming dismissal of pro se plaintiff's 88-page, single-spaced complaint that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension[,] fail[ing] to comply with the requirement of Rule 8").

Here, as is readily apparent, Plaintiff's Complaints do not comport with the pleading requirements of Rule 8, are frivolous pursuant to 28 U.S.C. § 1915, and fail to state a claim upon which relief may be granted even when read liberally. Plaintiff's lengthy submissions are rambling, at times incoherent and nonsensical, disjointed, and do not allege any plausible claims. The crux of Plaintiff's Complaints seems to arise from his

displeasure with the outcome of underlying state court proceedings relating to the distribution of property from his father's estate and his divorce and child support obligations.  However, Plaintiff fails to connect his often incoherent allegations relating to these matters to the various Defendants in any concrete way such that the Court (or a potential Defendant) could ascertain the nature of his claims or effectively respond to the Complaints.  And, Brodsky I, III, IV, and V only seek to press felony criminal charges against Defendants notwithstanding Plaintiff's demand for millions of dollars from Defendants in these Complaints.  It is well-established that "private persons cannot institute criminal prosecutions in the United States."  See, e.g., Sosa v. Lantz, 660 F. Supp. 2d 283, 287 n.3 (D. Ct. 2009) (citing Act of Sept. 24, 1789, ch. 20, § 35, 1 Stat. 92-93 (Judiciary Act of 1789) (creating U.S. attorney for each district "whose duty it shall be to prosecute in such district all delinquents for crimes and offences, cognizable under the authority of the United States"); see also Leeke v. Timmerman, 454 U.S. 83, 102 S. Ct. 69, 70 L. Ed. 2d 65 (1981) (per curiam) (a private citizen does not have a constitutional right to initiate or compel the initiation of criminal proceedings against another individual).

As a result, Plaintiff's Complaints fail to state any cognizable claims against any Defendant.  The submissions do not comprise "a short and plain statement of the claim showing that the

pleader is entitled to relief" pursuant to Rule 8, and wholly fail to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915. See Rosa v. Goord, 29 F. App'x 735, 735 (2d Cir. Feb. 27, 2002) (affirming dismissal of prolix complaint and amended filings which "remained prolix and not susceptible of a responsive pleading") (internal citations omitted); Prezzi, 469 F.2d at 692 (affirming dismissal of voluminous pro se complaint that contained a "labyrinthian prolixity of unrelated and vituperative charges that defied comprehension [and] failed to comply with the requirement of Rule 8," and affirming dismissal of shorter amended complaint which was "equally prolix and for the most part incomprehensible."). Accordingly, the Complaints are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

V. Leave to Amend

For the reasons set forth above, Plaintiff's Complaints--even under the very liberal reading we accord pro se pleadings--fail to conform with the dictates of Rule 8. That is, none of the Complaints present a cognizable claim and demand for relief. It is well-within a district court's discretion to deny leave to amend a prolix complaint if it is so voluminous and incomprehensible that no claims can be gleaned from it. See, e.g., Jones v. Nat'l Commc'ns and Surveillance Networks, 06-CV-1220, 266 F. App'x 31, 2008 WL 482599 (2d Cir. 2008) (unpublished opinion) (finding that dismissal, pursuant to Rule 8, of a plaintiff's 58 page,

13

single-spaced complaint with 87 pages of attachments, alleging over twenty separate causes of action against more than 40 defendants was not an abuse of discretion); see also In re Merrill Lynch & Co., Inc., 218 F.R.D. 76, 77-78 (S.D.N.Y. 2003) ("When a complaint is not short and plain, or its averments are not concise and direct, the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial.") (internal quotation marks and citation omitted).

Here, in an abundance of caution and given Plaintiff's pro se status, the Court GRANTS LEAVE TO FILE AN AMENDED COMPLAINT. However, Plaintiff is permitted to submit a **single Amended Complaint**, bearing only Docket Number 17-CV-6031, and shall file any Amended Complaint within thirty (30) days from the date of this Memorandum and Order. Plaintiff shall not seek to press criminal charges in any Amended Complaint and shall include a "short and plain statement of the claim" and "[e]ach allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(a)(2), 8(d)(1). Plaintiff is advised that because an Amended Complaint **completely replaces** the original Complaint, all claims Plaintiff seeks to pursue against any Defendant(s) must be included in the Amended Complaint. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice.

Plaintiff is cautioned, however, that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants (see

Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and pro se litigants..."), and should he file an incoherent, prolix, frivolous Amended Complaint, it is within the Court's authority to consider imposing sanctions upon him, including monetary sanctions and, after notice and an opportunity to be heard, an injunction enjoining Plaintiff from filing any further complaints relating to the subject matters contained in the instant pleadings. See FED. R. CIV. P. 11; Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S. Ct. 2447, 2454, 110 L. Ed. 2d 359 (1990) ("[T]he central purpose of Rule 11 is to deter baseless filings in District Court and . . . streamline the administration and procedure of the federal courts."); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'") (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam)).

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaints are sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in accordance with this Order. Any Amended Complaint shall be clearly labeled "Amended

Complaint" and shall bear only the docket number of the consolidated action, 17-CV-6031. The Clerk of the Court shall CLOSE the cases assigned docket numbers 17-CV-6032, 17-CV-6033, 17-CV-6555, 17-CV-6556, and 17-CV-7085 and no further entries shall be made in any of those closed dockets. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April __9__, 2018
 Central Islip, New York